163 P.3d 1201

**Frank J. CRABTREE, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 32196.**

Court of Appeals of Idaho.

Nov. 27, 2006.

Review Denied April 12, 2007.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant. Elizabeth A. Allred argued.

Hon. Lawrence G. Wasden, Attorney General; Thomas R. Tharp, Deputy Attorney General, Boise, for respondent. Thomas R. Tharp argued.

WALTERS, Judge Pro Tem.

Frank J. Crabtree appeals from the district court's order dismissing his application for post-conviction relief. For the reasons set forth below, we reverse and remand.

## I.

### FACTS AND PROCEDURE

Pursuant to a plea agreement, Crabtree pled guilty to sexual abuse of a minor under

sixteen years of age.[1] I.C. § 18–1506. Crabtree was sentenced to a unified term of fifteen years, with a minimum period of incarceration of ten years. On direct appeal, this Court affirmed Crabtree's judgment of conviction in an unpublished opinion. *See State v. Crabtree,* Docket No. 28685, 139 Idaho 508, 80 P.3d 1109 (Ct.App. Apr. 8, 2003).

In September 2003, Crabtree filed a pro se application for post-conviction relief claiming ineffective assistance of counsel on three different grounds and also moved the district court for appointment of counsel. The state filed both an answer to Crabtree's application and a motion for summary dismissal in October 2003. The district court issued a notice of intent to dismiss in November. The notice of intent was made pursuant to I.C. § 19–4906, and the district court indicated it would dismiss the application unless Crabtree filed a reply within twenty days from the date of the notice. The district court also granted Crabtree's motion for the appointment of post-conviction counsel.

Crabtree moved the district court for an extension of time to reply on two successive occasions, and the district court granted the extension both times. Eventually, in February 2004, Crabtree, now represented by appointed counsel, filed a pleading entitled "Brief in Response to Motion for Summary Disposition." Despite its title, this pleading's primary purpose was to request leave of the district court to amend Crabtree's application to include a new claim for ineffective assistance of counsel. However, this brief did not specifically reply to the notice of intent to dismiss, nor did it discuss the claims of ineffective assistance of counsel raised in Crabtree's application.

In March, the district court entered an order dismissing the three original claims of ineffective assistance of counsel. In its order, the district court noted that Crabtree's motion was not an "adequate" reply to the notice of intent to dismiss. The district court's order granted Crabtree leave to amend his application for post-conviction relief. The district court also ordered that the amended application be filed within thirty days or Crabtree's application would be dismissed in its entirety. Crabtree filed the amended application asserting the new claim of ineffective assistance of counsel but did not reassert the previous claims that had been dismissed by the district court. The district court issued a notice of intent to dismiss the claim asserted in the amended application. Crabtree failed to reply to the issued notice and, in July 2005, the district court entered an order dismissing Crabtree's entire application for post-conviction relief. Crabtree appeals.

## II.

## STANDARD OF REVIEW

▮ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence support-

---

1. Contemporaneous to Crabtree's guilty plea to sexual abuse, he also pled guilty to forgery arising out of an unrelated case. Crabtree's application for post-conviction relief that is the subject of the instant appeal is neither related to nor a challenge of his judgment of conviction for forgery.

ing its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

## III.

## ANALYSIS

On appeal, Crabtree asserts that the district court's 2003 notice of intent to dismiss was insufficient and that the district court erred in summarily dismissing his initial post-conviction claims. The state responds by arguing that this Court does not have subject matter jurisdiction to consider Crabtree's appeal. We first address the state's jurisdictional challenge.

### A.  Subject Matter Jurisdiction

The state asserts the district court's 2004 order dismissing Crabtree's claims in his

original application was a final order dismissing the entire application. The state further argues that, when the district court granted Crabtree's request to amend his application pursuant to 19–4906(b), the amended application constituted a new cause of action, raising a new claim and not reasserting the claims in the original application. As a result, the state urges this Court to consider the amended application as a new, successive application for post-conviction relief. The state contends any appeal of the 2004 order is now untimely[2] and, as the instant appeal concerns only the dismissal of the claims in the original application, this Court lacks jurisdiction to hear the alleged untimely appeal. We disagree.

■ Whether a court lacks jurisdiction is a question of law over which we exercise free review. *State v. Kerrigan,* 143 Idaho 185, 187, 141 P.3d 1054, 1056 (2006). After a party has filed an application for post-conviction relief, I.C. § 19–4906(b) provides that, depending on the reply from the applicant, the district court may choose to dismiss the application *or* grant leave to file an amended application. *See also Griffin v. State,* 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct.App. 2006). In short, a district court's decision to grant leave to file an amended application is not synonymous with dismissing the application in its entirety.

■ Moreover, a partial judgment is not a final judgment under I.A.R. 11(a)(1) and is therefore only appealable by permission after being certified as final by the district court. I.R.C.P. 54(1); *see also* I.A.R. 12(a); *Loomis, Inc. v. Cudahy,* 101 Idaho 459, 460, 615 P.2d 128, 129 (1980). However, an order or judgment is determined to be appealable based on its substance, not its title. *Loomis,* 101 Idaho at 460, 615 P.2d at 129. The district court's order in this case dismissed some of Crabtree's individual claims but did not indicate the post-conviction application process was to start over anew or that the order was intended as a final judgment. Specifically, the district court ordered that, if Crabtree

---

2. The state does concede, however, that an appeal of the dismissal of the amended application

would be timely.

"does not file an amended petition within thirty (30) days, the Petition for Post–Conviction Relief will be dismissed in its entirety." At most, the district court's order was a partial judgment on Crabtree's application, not a final judgment, and was not appealable at that time, absent permission and certification by the district court. Therefore, Crabtree's timely appeal from the order that was the final dismissal of his application may include issues arising from the 2003 notice of intent to dismiss the original application and the 2004 order ruling on Crabtree's reply or lack thereof.

### B. Notice of Intent to Dismiss

On appeal, Crabtree asserts the district court's 2003 notice of intent to dismiss was insufficient. He therefore does not challenge the dismissal of the ineffective assistance of counsel claim he asserted in his amended application for post-conviction relief, but argues only that dismissal of the original claims raised in his post-conviction application was improper.

Crabtree's initial application set out three claims of ineffective assistance of counsel, each based on different factual grounds. Crabtree argued his trial counsel was ineffective for failing to move to suppress statements made to the police, to request a competency evaluation, and failing to challenge the instruments used to assess his sexual deviancy. We note that Crabtree's application articulated the factual and legal grounds for each of his claims. Each of Crabtree's claims was supported with citation to authority and to the record. Crabtree argues the notice of intent to dismiss failed to specify its basis for dismissal or address with particularity the deficiencies in each of his claims of ineffective assistance of counsel.

When a district court determines sua sponte that claims alleged in an application do not entitle an applicant to relief, the district court must provide notice of its intent to dismiss and allow the applicant twenty days to respond with additional facts to support his or her claims. I.C. § 19–4906(b); *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003). The district court's notice should provide sufficiently particular information regarding the basis for its ruling so as to enable the applicant to supplement the application with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct.App. 2004). A notice of intent to dismiss must also specify any legal analysis that the applicant would need to address in order to avoid dismissal of the application. *Griffin*, 142 Idaho at 441, 128 P.3d at 978. A notice is insufficient if it merely reiterates the language of the Uniform Post–Conviction Procedure Act. *Banks v. State*, 123 Idaho 953, 954, 855 P.2d 38, 39 (1993).

The state, in reply, argues that its own motion to dismiss contained adequate notice as to why Crabtree's application was inadequate. Dismissal without notice is only appropriate when the district court grants the state's motion for summary dismissal as the motion serves to put the applicant on notice of the possibility of dismissal and an opportunity to reply to the motion. I.C. 19–4906(c); *Gibbs v. State*, 103 Idaho 758, 760, 653 P.2d 813, 815 (Ct.App.1982). However, the language of the notice of intent in the instant case demonstrates the district court was not granting the state's motion to dismiss. Although the district court did not cite to specific authority, by issuing a notice of intent and granting Crabtree twenty days to respond, it was invoking its statutory authority under I.C. 19–4906(b) to dismiss an application for post-conviction relief sua sponte.

The statutory duty to specify the reasons for the proposed dismissal under I.C. 19–4906(b) rests solely with the district court and it is the district court alone who is responsible for drafting the notice of intent to dismiss. *Downing v. State*, 132 Idaho 861, 864, 979 P.2d 1219, 1222 (Ct.App.1999). The state's motion to dismiss cannot now be invoked by the state to cure any deficiencies in the district court's notice of intent issued pursuant to I.C. 19–4906(b). Therefore, Crabtree was required to rely only on the notice of intent to dismiss to be informed of the deficiencies in his application, and it is only the notice of intent that we consider on appeal here.

The state alternatively asserts that the district court somehow adopted the arguments in the state's motion to dismiss, which should have then been referred to by Crabtree in conjunction with the district court's notice. The state asserts that this intention to adopt the arguments of the state was implied by the district court when in the notice the district court stated that it had been "fully advised as to the [state's] motion."

We agree that a district court is free to adopt into a notice of intent to dismiss the arguments set forth by the state's answer to an application for post-conviction relief or motion for summary dismissal of the same. However, the district court must do so explicitly within the context of the notice of intent to dismiss. A district court would best accomplish this by a verbatim reproduction of the state's arguments in the notice. At a minimum, a district court must include in the notice an unambiguous statement that the district court is adopting said arguments and instructs the applicant to refer to the state's answer or motion to dismiss. A passing or ambiguous reference to the state's answer or motion for dismissal does not meet the requirements of specificity and particularity necessary for a sufficient notice of intent to dismiss. *See Griffin,* 142 Idaho at 441, 128 P.3d at 978; *Newman,* 140 Idaho at 493, 95 P.3d at 644. We caution however that, if a district court has properly adopted the arguments of the state and the adopted arguments also lack specificity and particularity, then the notice of intent would remain insufficient.

Here, the district court's notice of intent to dismiss did not address each of Crabtree's claims. The district court set forth the general legal analysis for an ineffective assistance of counsel claim, but did not discuss how the arguments presented in Crabtree's application failed to support a genuine issue of material fact regarding the sufficiency of Crabtree's counsel. Instead the district court's entire analysis supporting its proposed dismissal was contained in a single sentence: "The Court, having considered the petition and having been fully advised as to the Defendant's motion, finds that

Frank James Crabtree has merely proffered bald allegations lacking affidavits, records, or other admissible evidence for support." The district court's reasoning for its intended dismissal failed to identify with particularity why each of Crabtree's claims were unsupported or without merit. As noted, Crabtree's application cited legal authority, facts, and the underlying record to support his claims. Furthermore, although the district court mentioned it had been "fully advised" of the arguments within the state's motion to dismiss, there was no explicit adoption of those arguments. The brief reference to the state's motion was also insufficient to inform Crabtree that he was to consider the motion as part of the district court's reasoning for the intended dismissal of his application.

Therefore, we determine the district court's notice of intent was insufficient to allow Crabtree a meaningful opportunity to respond to the intended dismissal. Our decision does not preclude another summary dismissal on remand on grounds adequately articulated in a notice of intent to dismiss or in a motion from the state properly granted by the district court.

## IV.

## CONCLUSION

The district court's dismissal of Crabtree's claims in his original application for post-conviction relief was not a dismissal of Crabtree's entire application nor was it a final judgment. Therefore, this Court has jurisdiction to consider Crabtree's timely appeal from the district court's final judgment which includes the earlier dismissal of claims in his original, unamended application. Furthermore, the district court's notice of intent to dismiss failed to set out with specificity and particularity any legal deficiencies in Crabtree's application or what additional facts he would need to include to warrant an evidentiary hearing. The district court also did not explicitly adopt the arguments of the state's answer and motion to dismiss into its notice of intent. Therefore, the district court's notice of intent to dismiss was insufficient and the state's arguments for dismissal were not incorporated into the notice.

Accordingly, we reverse the district court's order dismissing Crabtree's application for post-conviction relief-specifically the dismissal of Crabtree's three original post-conviction claims-and remand this action to the district court for further proceedings consistent with this opinion. Costs, but not attorney fees, are awarded on appeal to Crabtree.

Chief Judge PERRY and Judge GUTIERREZ concur.

